UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN D. SHILLING,<br><br>  Plaintiff,<br><br>  v.<br><br>POLYONE CORPORATION,<br><br>  Defendant. | Case No. 14-cv-03562-BLF<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION TO DISMISS COUNT II OF DEFENDANT'S CROSS-COMPLAINT, AND**<br>**(2) DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT II OF THE COMPLAINT**<br><br>[Re: ECF 49, 53] |

This action arises out of Defendant PolyOne's 2012 purchase of Glasforms, Inc., a California corporation that manufactures a fiber reinforced polymer. Plaintiff brings a Complaint seeking declaratory relief and alleging a violation of breach of the implied covenant of good faith and faith dealing. Defendant cross-complains with causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief.

Two motions are before the Court, each with regard to the parties' respective causes of action for breach of the implied covenant of good faith and fair dealing. Plaintiff moves the Court to dismiss Defendant's second cause of action for breach of the implied covenant in Defendant's First Amended Cross-Complaint, while Defendant moves for judgment on the pleadings as to Plaintiff's second cause of action for breach of the implied covenant in the Complaint.

The parties appeared for oral argument on the motions on June 25, 2015. Having considered the moving papers and the arguments of the parties, the Court GRANTS Plaintiff's motion and DENIES Defendant's motion, for the reasons outlined below.

## I.  BACKGROUND

### A.  Plaintiff's Allegations in the Complaint

Glasforms was founded in 1978 by Peter Pfaff. *See* Compl. ¶ 6. Mr. Pfaff was the majority shareholder of Glasforms until December 19, 2012, when Defendant, Mr. Pfaff, and other Glasforms shareholders executed a Share Purchase Agreement ("SPA") whereby Defendant purchased 100 percent of all the outstanding Glasforms shared held by Mr. Pfaff and the other minority shareholders. *See* Compl. ¶ 7. The SPA included a detailed list of warranties and representations regarding Glasforms. *See* SPA, Req. for Judicial Notice ("RJN"), ECF 50 Exh. E at 19-43 (Article V: Representations and Warranties Relating to the Company").[1]

Under the terms of the SPA, the sellers placed $5 million of the purchase price into an indemnity escrow account, to be held for eighteen months for the purpose of indemnifying Defendant as the purchaser for any "losses it sustained that were based on the failure of any of certain representations and warranties made by Sellers in the Agreement," and "losses it sustained that resulted from any legal proceeding brought against Defendant arising out of the operation of Glasforms and occurring prior to the December 19, 2012 closing date." Compl. ¶ 8 (hereinafter "Covered Losses"). The SPA also provided that, were the indemnity claims greater than $5 million, Mr. Pfaff was "obligated to indemnify Defendant for those losses up to a sum that equals the pro rata portion of the total purchase price received" by Mr. Pfaff. Compl. ¶ 9. Defendant was required to make any indemnity claims, by writing, within eighteen months of the purchase date. After eighteen months, the remainder of the escrow account would be distributed to the sellers. Compl. ¶¶ 10-11.

Between the date the SPA was executed and the expiration of this eighteen-month period, Mr. Pfaff died. Prior to his death he created the Peter F. Pfaff Revocable Trust ("the Trust"), of which Plaintiff serves as Trustee and, therefore, as Mr. Pfaff's successor-in-interest. *See* Compl. ¶

---

[1] Plaintiff requests the Court take judicial notice of nine documents, all of which were publically filed in this action, either in Santa Clara Superior Court prior to the case being removed to this district, or in this Court with regard to prior motions. *See* RJN, ECF 50. Defendant does not oppose. Because these documents are public filings in court proceedings, the Court GRANTS Plaintiff's request, and judicially notices these documents. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

1. On June 17, 2014, prior to the expiration of the eighteen-month indemnification period, Defendant sent a letter to Plaintiff alleging over $40 million in Covered Losses – an amount that exceeds the total of the funds in the escrow account and the pro rata purchase price received by Mr. Pfaff. *See* Compl. ¶ 12.

Plaintiff alleges that Defendant "asserted the alleged Covered Losses . . . for the improper purpose, and to deprive Sellers, including Plaintiff, from the benefit of the bargain arising from the Agreement." Compl. ¶¶ 16, 23. Plaintiff further alleges that Defendant asserted these covered losses "for the improper purpose of attempting to obtain ownership and control over the valuable and successful Glasforms business for substantially less consideration than set forth in the [SPA]." Compl. ¶ 23.

**B.     Defendant's Allegations in the First Amended Cross-Complaint**

Defendant filed an Answer and Cross-Complaint on August 6, 2014, and simultaneously removed this action from Santa Clara County Superior Court. *See* ECF 1. Plaintiff moved to partially dismiss the Cross-Complaint, which the Court granted on January 9, 2015. *See* ECF 37. Defendant filed a First Amended Cross-Complaint ("FACC") on February 13, 2015. *See* ECF 49.

The FACC alleges that Defendant properly made claims for indemnification consistent with the terms of the SPA, *see* FACC ¶¶ 7-15, and that it is entitled to indemnification for all claims so made. It alleges that Plaintiff breached the terms of the SPA by failing to "provide complete and accurate representations and warranties" and by further failing to "indemnify and hold harmless PolyOne against the claims, causes of action, and allegations raised by Plaintiff against PolyOne in the Complaint herein." FACC ¶¶ 19-20.

Relevant to the present motion, Defendant's second cause of action alleges that Plaintiff breached the implied covenant of good faith and fair dealing "by acting arbitrarily and unreasonably in denying and disputing the losses PolyOne sustained as set forth in" its indemnification notice, "and by arbitrarily and unreasonably denying and disputing PolyOne's claim of indemnity based thereon." FACC ¶ 25. Defendant further alleges that Plaintiff acted "for the improper purpose of depriving PolyOne from the fruits of the bargain that PolyOne reasonably expected." FACC ¶ 26.

3

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This standard does not ask the Plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120 (N.D. Cal. 2014).

### B. Rule 12(c)

Because Defendant has answered Plaintiff's Complaint, Defendant's motion is brought pursuant to Rule 12(c) rather than Rule 12(b)(6). Rule 12(c) permits either party, "[a]fter the pleadings are closed but within such time as not to delay the trial, . . . to move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Much like a motion to dismiss under Rule 12(b)(6), a motion brought pursuant to Rule 12(c) "is directed at the legal sufficiency of a party's allegations." *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997). "Although Rule 12(c) differs in some particulars from Rule 12(b)(6), the standard applied is virtually identical." *Id.* (citing *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)). A district court, in adjudicating a motion under Rule 12(c), therefore must "accept all

1  material allegations of fact alleged in the complaint as true, and resolve all doubts in favor of the non-moving party." *Religious Tech. Ctr. v. Netcom On-Line Commc'n. Servs., Inc.*, 907 F. Supp. 1361, 1381 (N.D. Cal. 1995).

**III.   DISCUSSION**

**A.   Plaintiff's Motion to Dismiss the Second Claim of the FACC**

Plaintiff argues that Defendant's breach of the implied covenant of good faith and fair dealing claim should be dismissed because the claim is based on the breach of an express provision of the SPA, and that, under Delaware law,[2] breach of an express provision of the contract cannot give rise to a claim for breach of the implied covenant. *See* Pl.'s Mot. at 7-8. In opposition, Defendant contends that its FACC has adequately pled a violation of the covenant because Plaintiff's conduct was "done with the improper purpose to deprive PolyOne from obtaining the benefits of the bargain that PolyOne expected" under the terms of the SPA. *See* Def.'s Opp. at 6.

Under Delaware law, the implied covenant of good faith and fair dealing "attaches to every contract." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005). This covenant "requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." *Id.* When a party's conduct "frustrates the overarching purpose of the contract by taking advantage of [its] position to control implementation of the agreement's terms," the party may be liable for breach of the implied covenant. *See id.*

A party cannot, however, "base a claim for breach of the implied covenant on conduct authorized by the agreement." *Nemec v. Shrader*, 991 A.2d 1120, 1125-26 (Del. 2010); *see also Dave Greytak Enterps., Inc. v. Mazda Motors of Am., Inc.*, 622 A.2d 14, 23 (Del. Ch. 1992) ("[T]he implied covenant does not apply when the subject at issue is expressly covered by the contract.") (internal quotations omitted). Courts, therefore, cannot use the covenant to "rewrite the

---

[2] The SPA's choice of law provision elects Delaware law to govern this dispute. *See* RJN Exh. E at 55 (Section 10.4, which states: "This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware.").

contract to appease a party who later wishes to rewrite a contract he now believes to have been a bad deal." *Nemec* at 1126.

Though Defendant argues otherwise, Defendant's breach of implied covenant claim is based on a breach of the express terms of the SPA. Defendant's FACC alleges, albeit in a cursory fashion, that Plaintiff breached the implied covenant by "acting arbitrarily and unreasonably in denying and disputing" Defendant's losses, and by "arbitrarily and unreasonably denying and disputing" Defendant's indemnity claims. FACC ¶ 25. A review of Defendant's breach of contract claim, however, makes it clear that the implied covenant claim is based on nothing more than an alleged breach of the express terms of the SPA: Defendant's FACC alleges in its breach of contract cause of action that Plaintiff "breached the Agreement by failing . . . to indemnify PolyOne for its losses." FACC ¶ 19. Defendant specifically alleges that the SPA demanded that Plaintiff indemnify Defendant for all Covered Losses. The addition of the words "arbitrarily and unreasonably" in its second cause of action does not suffice to turn a claim for breach of contract into a claim for breach of the implied covenant. *See, e.g.*, *Kuroda v. SPJS Holdings, Inc.*, 971 A.2d 872, 888 ("[T]o state a claim for breach of the implied covenant, Kuroda must allege a specific implied contractual obligation, a breach of that obligation by defendant, and resulting damage."); *see also Dunlap* at 442.

In its opposition, Defendant contends that Plaintiff breached the implied covenant by failing to "provide any meaningful response to PolyOne's claims," having filed the instant lawsuit only nine days after PolyOne sent its indemnification notice. *See* Def.'s Opp. at 6. But no such allegations are included in the FACC. Further, Defendant points to no case law – and the Court is aware of none – where the breach of an express contract term can also give rise to breach of the implied covenant. The Court will, however, grant Defendant leave to amend to plead a claim consistent with the law outlined in *Kuroda*: "General allegations of bad faith conduct are not sufficient. Rather, the plaintiff *must allege a specific implied contractual obligation and allege how the violation of that obligation denied the plaintiff the fruits of the contract*." *Kuroda*, 971 A.2d at 888 (emphasis added) (internal citations omitted).

As such, the Court GRANTS Plaintiff's motion to dismiss Defendant's second cause of

action. The Court will, however, grant Defendant one final opportunity to amend its cross-complaint to plead factual allegations that could give rise to a claim for breach of the covenant.[3]

### B. Defendant's Motion for Partial Judgment on the Pleadings

In support of its motion for partial judgment on the pleadings, Defendant argues that Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing involves conduct "expressly addressed within the [Share Purchase] Agreement." Def.'s Mot. at 8. Defendant contends that both parties' claims for breach of the implied covenant rise and fall together because they are "pleaded in virtually identical terms." *Id.* at 3 n.1. Plaintiff argues in response that its second cause of action alleges that Defendant actually *complied* with the express terms of the SPA – namely, that it had eighteen months to give notice of losses covered by the Agreement's indemnity provision – but that Defendant did so with the improper purpose of attempting to deprive Plaintiff of the benefit of the bargain struck between the parties. *See* Pl.'s Opp. at 5-7.

Despite Defendant's attempt to conflate both parties' claims for breach of the implied covenant, the Court finds that Plaintiff's claim is properly pled under Delaware law. Plaintiff alleges that Defendant exercised its contractual right to seek indemnity but did so with an improper purpose in violation of the covenant. A case from this district, interpreting a contract under Delaware law, is instructive. In *In re Chase Bank USA, N.A. 'Check Loan' Contract Litig.*, 2009 WL 4063349 (N.D. Cal. Nov. 20, 2009), plaintiffs alleged that defendant Chase violated the implied warranty of good faith and fair dealing by raising cardholders' minimum monthly payment from 2 percent to 5 percent of the holders' balance. *Id.* at *6-7. Though Chase had the contractual right to make such a modification, the plaintiffs argued that Chase modified these terms in bad faith in order to "force plaintiffs . . . to accept higher APR loans to maintain the 2%

---

[3] Plaintiff also contends that Defendant has not stated a claim for breach of the implied covenant in relation to the escrow agreement. In its opposition, Defendant argues only that Plaintiff's conduct violated the Purchase Agreement, *see, e.g.*, Def.'s Opp. at 7 ("[T]he Share Purchase Agreement specified the criteria for Shilling to indemnify the company."). Further, during briefing on Plaintiff's first motion to dismiss, Defendant abandoned this claim. *See* Dismissal Order, ECF 37 at 1 ("PolyOne agreed to strike the words "and Escrow Agreement" from paragraphs 18, 20, and 24 of its Cross-Complaint."). The breach of implied covenant claim as related to the escrow agreement is therefore dismissed with prejudice.

United States District Court
Northern District of California

minimum payment requirement [or] make a later payment and trigger a penalty APR [] and late fees." *Id*. at *7. The Court found the allegations that "Chase exercised its contractual right to modify in bad faith" sufficient to state a claim for violation of the covenant under Delaware law. *Id.* at *8 ("Although Defendants . . . argue that Chase did not act in bad faith for a number of reasons . . . these fact-based defenses cannot be resolved in the context of a motion to dismiss.").

Such a circumstance is similarly present in Plaintiff's Complaint. Plaintiff alleges that Defendant filed indemnification claims of over $40 million – greater than the total price it paid for Glasforms – with the intent of gaining control over the company and preventing Plaintiff from obtaining the fruits of the SPA. *See* Pl.'s Mot. at 7. Unlike Defendant's cause of action for breach of the implied covenant, which contends that Plaintiff's act of breaching the terms of the SPA was done in bad faith, Plaintiff's Complaint alleges that Defendant, acting in compliance with the plain language of the SPA, sought indemnification for an improper purpose in an attempt to gain control of the Glasforms business without paying the full consideration set forth in the SPA – in essence, to renegotiate the contract. Plaintiff's claim is therefore cognizable under Delaware law, *see, e.g.*, *Dunlap* at 442, and the Court DENIES Defendant's motion .

## IV. ORDER

For the foregoing reasons, Plaintiff's motion to partially dismiss is GRANTED, with leave to amend, and Defendant's motion for partial judgment on the pleadings is DENIED. Defendant's second amended cross-complaint must be filed **no later than July 24, 2015**.

**IT IS SO ORDERED.**

Dated: June 30, 2015

_____
BETH LABSON FREEMAN
United States District Judge

8