# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOHN D. SHILLING,<br><br>      Plaintiff,<br><br>   v.<br><br>POLYONE CORPORATION,<br><br>      Defendant. | Case No.  14-cv-03562-BLF<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Re:  ECF 112] |

Before the Court is Defendant Cross-Claimant PolyOne Corporation ("PolyOne")'s motion for leave to file a motion for reconsideration of this Court's order granting in part and denying in part PolyOne's motion for partial summary judgment (the "Order").  ECF 108, 112.  PolyOne's motion for partial summary judgment sought a determination (1) that the "Cap" in section 9.4(b) of the Share Purchase Agreement ("SPA") does not limit the Majority Shareholder's obligations in regard to the indemnity claims asserted by PolyOne, and (2) that Shilling is obligated to defend and indemnify PolyOne against the pending lawsuit against Glasforms and PolyOne, entitled *Total Rod Concepts, Inc. v. Glasforms, Inc. et al.*, Case No. 14-05-05365, in the District Court of Montgomery County Texas (the "TRC lawsuit").  ECF 93.  In the Order, the Court granted summary judgment to PolyOne on the first issue relating to the "Cap" in section 9.4(b) of the SPA, but denied summary judgment on the second issue, that the costs and damages associated with the TRC lawsuit resulted from the breach of representations and warranties under sections 5.14(a) and (b) of the SPA.  Now PolyOne seeks leave to file a motion for reconsideration on the denial of summary judgment in relation to indemnification of the TRC lawsuit.  PolyOne argues that the basis for leave is "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Civ. L.R. 7-

9(b)(3). Because PolyOne has not demonstrated this basis for reconsideration of that ruling, its motion for leave to file a motion for reconsideration is DENIED.

In this District, a party must seek leave of court before filing a motion for reconsideration of an interlocutory order. Civ. L.R. 7-9(a). The party seeking leave must show reasonable diligence and one of three conditions. Civ. L.R. 7-9(b). The condition on which PolyOne bases its motion is "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order." Civ. L.R. 7-9(b)(3). The moving party may not reargue any written or oral argument previously asserted to the Court in connection with the interlocutory order. Civ. L.R. 7–9(c).

PolyOne asserts that reconsideration is warranted "because the Court did not consider important facts regarding the contract terms at issue, and dispositive legal arguments regarding causation." Mot. 2, ECF 112. PolyOne first argues that the Court did not address the effect of Section 9.4(d) of the SPA, which states:

> For purposes of determining the failure of any representations or warranties to be true and correct, and calculating Losses hereunder, any materiality or Material Adverse Effect qualifications in the representations and warranties shall be disregarded.

However, this section does not change the Court's determination on whether the costs and damages associated with the TRC lawsuit resulted from the breach of representations and warranties under sections 5.14(a) and (b) of the SPA. Although any failure of representations or warranties would supposedly be deemed a breach regardless of the materiality of the failure, this section does not state that the element of "causation" or that the required proof that "damages flowed from the breach" in a breach of contract claim shall be deemed admitted. Further, no authority supports PolyOne's argument that this section of the SPA circumvents the requirement to prove this element of a breach of contract claim. PolyOne's citation to *Hudson's Bay Co. Luxembourg, S.A.R.L. v. JZ LLC* is unpersuasive. No. 10-12107, 2013 WL 1457019, at *11 (Del. Super. Ct. Mar. 11, 2013). The court there first determined that "in determining whether a breach has occurred," the "Materiality Scrape" applies to certain claims regardless of whether the breach was "material" or "immaterial." *Id.* It then proceeded to evaluate whether these "errors" or

"breach" caused the plaintiff to suffer the alleged "Covered Losses." *Id.* at *13. Accordingly, having a "Materiality Scrape" provision does not discharge a plaintiff's obligation to prove by a preponderance of evidence that the "damages flowed from the breach." Nor would PolyOne's argument make sense if a plaintiff could assert any damage that is not caused by the breach.

PolyOne next argues that the Court failed to consider the "implications that flow from acceptance of Shilling's argument regarding causation – that the representations and warranties of the seller become meaningless." However, PolyOne merely reiterates arguments made in its motion for partial summary judgment, which the Court had already considered. In *Cobalt Operating, LLC v. James Crystal Enterprises, LLC*, the indemnification provision there is not the same as sections 5.14(a) and (b) of the SPA and the court there also noted that "[t]he indemnification provision . . . was broadly drafted, and covers all costs and expenses related to Crystal's breaches of contract 'whether suit is instituted [against Cobalt] or not.'" No. 714, 2007 WL 2142926, at *30-32 (Del. Ch. July 20, 2007). Requiring causation also does not render "the representations and warranties of the seller [] meaningless" because as long as PolyOne can demonstrate by a preponderance of evidence at trial that the damages flowed from the breach, it can still prevail.

The Court notes that its denial of PolyOne's motion for partial summary judgment on the indemnification of the TRC lawsuit does not preclude PolyOne from proving at trial the alleged damages flowed from the breach of sections 5.14(a) and (b) of the SPA or its entitlement to indemnification based on another section of the SPA, section 9.2(a)(v). Because PolyOne has failed to demonstrate a manifest failure by this Court in the Order, its motion for leave to file a motion for reconsideration is DENIED.

Dated: January 5, 2017

_____
BETH LABSON FREEMAN
United States District Judge