UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN D. SHILLING, <br><br> Plaintiff, <br><br> v. <br><br> POLYONE CORPORATION, <br><br> Defendant. | Case No. 14-cv-03562-BLF <br><br> **ORDER RE MOTIONS IN LIMINE** <br><br> [Re: ECF 117, 118, 121] |

This case arises out of PolyOne Corporation ("PolyOne")'s purchase of Glasforms, Inc. ("Glasforms") pursuant to a Share Purchase Agreement ("SPA") and concerns the parties' respective obligations under that agreement. Plaintiff John D. Shilling, Trustee of the Peter Pfaff Revocable Trust ("Shilling") brings this lawsuit against PolyOne, asserting claims of declaratory relief, breach of implied covenant of good faith and fair dealing, and express contractual indemnity. Notice of Removal and Compl., ECF 1. PolyOne counter-claims that Shilling is liable for breach of contract, express contractual indemnity, and also seeks declaratory relief. Second Am. Cross-Compl., ECF 73. This Order addresses the parties' motions *in limine*. For the reasons explained below and on the record at the February 16, 2017 pretrial conference, the motions are decided as follows:

Shilling's Motion *in Limine* No. 1: GRANTED IN PART AND DENIED IN PART.

Shilling's Motion *in Limine* No. 2: DENIED.

Shilling's Motion *in Limine* No. 3: DENIED.

PolyOne's Motion *in Limine* No. 1: DENIED IN PART AND DEFERRED IN PART.

PolyOne's Motion *in Limine* No. 2: DEFERRED.

**I.    SHILLING'S MOTIONS *IN LIMINE***

    **A.    Shilling's Motion *in Limine* No. 1 to exclude untimely expert supplemental reports.  GRANTED IN PART AND DENIED IN PART.**

Shilling moves to exclude supplemental reports and trial testimony of PolyOne's expert witnesses, Dr. Barbara Luna and Andre Jardini, because they were not disclosed by the February 2, 2017 deadline, when parties' Rule 26(a)(3) pretrial disclosures were due.  MIL No. 1 at 2, ECF 121.  According to Shilling, supplementation at this time would be unduly prejudicial to Shilling.  *Id.* at 3.  Shilling claims that discovery might have to be reopened and Shilling's experts need to draft responsive reports in response to the supplemental disclosures.  Shilling argues that such endeavors incur great time and expense to both parties.  *Id.* at 3.

PolyOne responds that it plans to provide Shilling no later than 30 days before trial, an updated expert report by Dr. Luna to reflect the 2016 revenue information.  Opp'n No. 1 at 2, ECF 122.  It also supplemented Dr. Jardini's report on February 3, 2017 to incorporate attorney's fees and cost incurred from July 1, 2016 through January 31, 2017 so as to bring PolyOne's attorney's fee claim current.  *Id.*  PolyOne argues that these reports were not supplemented by the February 2, 2017 deadline because of PolyOne's counsel's "calendaring misunderstanding."  *Id.*  PolyOne attributes this misunderstanding to Rule 26(a)(3)(B), stating that, "[u]nless the court orders otherwise, these [pretrial] disclosures must be made at least 30 days before trial."  *Id.*  PolyOne further argues that Shilling will suffer no prejudice as Shilling will have thirty days before trial to review the updated report and that additional depositions and discovery would not be necessary.  *Id.*

At the pretrial conference, Shilling represented to the Court that he will not be objecting to Dr. Jardini's supplemental report that was disclosed one day after the Rule 26(a)(3) pretrial disclosure deadline.  As such, the Court DENIES in part this motion *in limine* as to Mr. Jardini's supplemental report.  As to Dr. Luna's supplemental report, the Court finds that allowing PolyOne to use this supplemental report at trial would be unduly prejudicial to Shilling.  Although PolyOne argues that the report only incorporates new company sales data from 2016 without any other new analysis or opinions, allowing this newly added information would still be prejudicial to Shilling, who has not had access to this new information that was under PolyOne's control.  Given that

United States District Court
Northern District of California

discovery is closed, Shilling would not have an opportunity to properly rebut this evidence at trial or even verify the accuracy of the underlying documentation. Accordingly, the Court GRANTS this motion *in limine* in part as to Dr. Luna's supplemental report.

### B. Shilling's Motion *in Limine* No. 2 to bifurcate claim for indemnification of the TRC lawsuit. DENIED.

Shilling seeks to bifurcate PolyOne's claim for indemnification of the matter of *Total Rod Concepts, Inc. v. Glasforms, Inc.*, et al. (Montgomery County, Texas, Case No. 14-05005365) (the "TRC Lawsuit"). MIL No. 2 at 2, ECF 121-1. First, Shilling argues that PolyOne's claim for indemnification of the TRC Lawsuit is separate and distinct from its claims for indemnification pertaining to certain of Glasforms' customers. *Id.* at 2. Second, Shilling claims that both parties did not conduct meaningful discovery pertaining to the TRC Lawsuit indemnification claim because PolyOne's counsel represented that the evidentiary matters were handled within the confines of the TRC Lawsuit litigation. *Id.* at 3. Third, Shilling argues that trial on this indemnification claim could undermine the trial of the TRC Lawsuit in Texas, which is scheduled to commence on May 1, 2017. *Id.* Finally, Shilling asserts that bifurcation of this TRC Lawsuit claim would be more expeditious and promote efficiency. *Id.* at 2, 4 (citing Fed. R. Civ. Proc. 41(b); *Shaughnessy v. Ass'n of Apartment Owners of Moana Pac.*, No. 09-00051, 2011 WL 97254, at *4 (D. Haw. Jan. 12, 2011)).

Shilling does not oppose this motion to bifurcate the indemnification claim for the TRC Lawsuit. Opp'n No. 2 at 1, ECF 123. Shilling adds that the bifurcated claims would include PolyOne's claims under SPA Sections 5.14 and 9.2(a)(v), including the duty to defend Glasforms and PolyOne in the TRC Lawsuit and indemnification against any judgment or settlement in the TRC Lawsuit. *Id.*

Fed. R. Civ. Proc. 42(b) provides that a court may "order a separate trial of one or more separate issues" for "convenience, to avoid prejudice, or to expedite and economize." Whether to grant bifurcation is left to the sound discretion of the district court. *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Bifurcation "is the exception rather than the rule of normal trial procedure." *GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*, No.

3

1   09-01484-SI, 2010 WL 1729400, at *3 (N.D. Cal. Apr. 27, 2010) (citations omitted).

2       While the Court is mindful about the potential impact this trial may have on the TRC Lawsuit, bifurcation would not be in the interest of judicial efficiency.  The Court is not opposed to continuing the trial if the parties agree that continuation is the best course of action and timely make a request for continuance.  However, separate trials would not be conducive to expedition and economy, given that the indemnification claims relating to the TRC Lawsuit also arise from the parties' obligations pursuant to the Share Purchase Agreement, like the other claims to be tried at trial.  Shilling's argument on the lack of meaningful discovery is inapposite to the issue of bifurcation because discovery is closed and will not be reopened simply because the trial is bifurcated.  Accordingly, the reasons proffered by Shilling do not justify bifurcation and the Court DENIES this motion in *in limine*.

    **C.**    **Shilling's Motion *in Limine* No. 3 to bifurcate parties' claims for attorney's fees. DENIED.**

    Shilling moves to bifurcate the claims for attorney's fees because the claims are separate and distinct from the breach of contract and breach of implied covenant of good faith and fair dealing claims.  MIL No. 3 at 2-3, ECF 121-2 (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988)).  Shilling argues that since both parties are only seeking fees and costs if they prevail, the fees claims are collateral to the substantive claims and no prejudice would result from bifurcation.  *Id.* at 3-4.  Shilling proposes that after trial, the prevailing party will seek fees by filing a motion and supporting memorandum and declarations.  *Id.* at 4.

    PolyOne opposes this motion, arguing that the attorney's fees claims should not be resolved on post-trial motions as they pertain to a component of indemnifiable "Losses" under the section 9.2(a) of the SPA.  Opp'n No. 3 at 1-2, ECF 124.  Unlike the situation in *Budinich*, PolyOne contends that the attorney's fees claim here is an item for proof at trial, as a breach of contract claim, and not a "collateral" issue.  *Id.* at 2.  PolyOne further argues that allowing Shilling to withhold information regarding a claim for damages until post-trial motions would be prejudicial to PolyOne.  *Id.* at 3.

    The fact that the fees will only be sought by the prevailing party does not persuade the

4

Court that the amount of attorney's fees should be resolved on post-trial motions. The attorney's fees are damages, which constitute an essential element of the breach of contract claims. This fundamental element of a cause of action must be proven at trial. This is different from *Budinich*, where the request for attorney's fees under 18 U.S.C. section 1988 in a civil rights case raised legal issues collateral to and "separate from" the decision on the merits. 486 U.S. at 200. Accordingly, the Court DENIES this motion *in limine*.

## II. POLYONE'S MOTIONS *IN LIMINE*

### A. PolyOne's Motion *in Limine* No. 1 to exclude certain opinion testimony of Eric Nath and James Turner as improper rebuttal. DENIED IN PART AND DEFERRED IN PART.

PolyOne moves to exclude certain opinion testimony of Eric W. Nath and James A. Turner because they do not solely contradict or rebut Dr. Luna's report. MIL No. 1 at 1, ECF 117. According to PolyOne, Shilling disclosed no experts by the initial expert disclosure deadline but provided rebuttal disclosures, setting forth new analysis of damages. *Id*. at 2. PolyOne claims that the rebuttal disclosures of Nath and Turner pertain to Shilling's case-in-chief and should have been provided as initial disclosures. *Id*. 2-3 (citing Fed. R. Civ. Proc. 26(a)(2)(C); *Matthew Enter. v. Chrysler Grp. LLC*, No. 13-04236-BLF, 2016 U.S. Dist. LEXIS 108694, at *4 (N.D. Cal. Aug. 3, 2016)). In particular, PolyOne claims that Section VI in Nath's report provides an alternative theory for analyzing the "Equity and Enterprise value of the business," and Section VII relates to "impairment" of "goodwill," neither of which depends on any opinion or conclusions of Dr. Luna. MIL No. 1 at 4. PolyOne also asserts that Turner's opinions derived from Nath's work. *Id.* PolyOne further argues that the belated disclosures were tactical and were not harmless as Shilling had no justification and PolyOne was deprived of the opportunity to rebut. *Id.* at 6.

In opposition, Shilling argues that the contested reports and testimony are not part of his case-in-chief as the declaratory relief cause of action "does not go to the dollar amount of PolyOne's tendered claims." Opp'n No. 1 at 3. Even if the portions of the rebuttal report and testimony could be part of Shilling's case-in-chief, they are not barred as long as they are offered only to refute PolyOne's expert witness testimony. *Id.* (citing *Hellmann-Blumberg v. Univ. of Pac.*, No. 12-00286, 2013 WL 3422699, at *5 (E.D. Cal. July 8, 2013)). Regardless, Shilling

contends that the rebuttal is proper because it provides an alternative approach to calculate damages, the market approach, to show that PolyOne's expert omitted facts and methods in the report. *Id.* at 4. Shilling further argues that it would be improper to limit a rebuttal expert's methodology to that advanced by the initial expert. *Id.* at 5 (citing *Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272, 274 (2011)). Similarly, with respect to Section VII of Nath's report on "impairment of goodwill," Shilling argues that expert evidence on "impairment of goodwill" rebuts PolyOne's assertion that there was diminution in value, as the SEC filings did not disclose any "impairment of goodwill." *Id.* at 5-6. Shilling further contends that PolyOne waived the issue of prejudice, if any, for failing to bring this motion earlier, having received the rebuttal reports in August 2016. *Id.* at 6. Lastly, Shilling urges the Court to exercise its broad discretion to admit all expert evidence on damages because the "gatekeeper obligation is less pressing in connection with a bench trial." *Id.* (citing *Wolkowitz v. Lerner*, No. 07-777, 2008 WL 1885770, at *2 (C.D. Cal. Apr. 21, 2008)).

"[A]n expert may introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert." *Deseret Mgmt.*, 97 Fed. Cl. at 274. Furthermore, just because the expert evidence may be offered in a party's "case-in-chief does not necessarily bar its admission by a rebuttal expert." *Hellmann-Blumberg*, 2013 WL 3422699, at *5. Here, the contested sections of the Nath and Turner reports discuss the "market approach" as an alternative methodology to rebut the "income approach," the methodology used by PolyOne's expert, Dr. Luna. As such, this is not improper rebuttal. PolyOne avers that the contested sections of the reports not only present the alternative methodology but also compute the damages amount based on this alternative methodology, making this an improper rebuttal report. However, the computation can lend credence to the alternative methodology and Shilling represents that the computed amount itself is not offered for the purpose of proving a damage amount. Given that this is a bench trial and that the evidence has a proper rebuttal purpose, the Court shall exercise its discretion and allow the admission of this evidence at trial. *Wolkowitz*, 2008 WL 1885770, at *2.

PolyOne also objects to section VII of Nath's report pertaining to "impairment of goodwill" and any related portion of Turner's report, on the grounds that the opinions are

6

1    speculative. As to this objection, the Court cannot evaluate whether the opinions are speculative

2    based on the parties' submissions at this time. Whether the opinions will be admitted will depend

3    on whether a foundation can be established at trial. Accordingly, PolyOne may renew its

4    objection at trial and the Court will DEFER IN PART as to the opinions relating to "impairment of

5    goodwill" on the ground of speculation.

6      **B.**      **PolyOne's Motion *in Limine* No. 2 to exclude evidence of "Transition Effects." DEFERRED.**

7    PolyOne moves to exclude evidence of "transition effects resulting from change in

8    ownership" because they are without sufficient probative value and irrelevant. MIL No. 2 at 4-5,

9    ECF 118. Specifically, PolyOne argues that there is no evidence to show that "the business of the

10   six customers that are the subject of the case was lost due to PolyOne's purchase of the company

11   or changes in operation of Glasforms after the purchase." *Id.* at 2-3. As such, PolyOne concludes

12   that Shilling's argument suggesting that "transition effects" affected the sales decline of the six

13   customers lacks foundational support. *Id.* at 3.

14   In response, Shilling contends that irrelevant evidence does not present much of a risk in a

15   bench trial. Opp. No. 2 at 2-3, 5, ECF 127-1 (citing Fed. R. Evid. §§ 401, 403). Shilling first

16   asserts that the evidence relating to "transition" is important as it shows how the "great difficulties

17   in the transition year" could have caused sales to decline. *Id*. at 3-4. As such, Shilling argues that

18   PolyOne fails to show how the evidence of "transition effects" is irrelevant or prejudicial. *Id*. at 5.

19   Regardless, Shilling claims that whether probative value substantially outweighs the prejudice

20   should not be a great concern since the Court is the sole trier of fact. *Id.* at 5-6 (citing *Wolkowitz*,

21   2008 WL 1885770, at *2; *Cmty. Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC*, 80 F.

22   Supp. 3d 1180, 1216 (E.D. Wash. 2015)).

23   Based on the parties' submissions, it is not clear to the Court at this time whether the

24   witnesses testifying on Shilling's theory on "transition effects" will be able to establish a sufficient

25   foundation for their testimony and whether the related evidence will be relevant. Even if

26   attenuated, the evidence on "transition effect" can be potentially relevant to the measure of

27   damages in this case and may be sufficient to clear Fed. R. Evid. 401's relatively low bar. It is

28

1  also unclear whether the probative value of this evidence will be substantially outweighed by
2  unfair prejudice, waste of time, or other factors of Fed. R. Evid. 403.  As Shilling aptly noted,
3  Rule 403 has a limited role, if any, in a bench trial.  *Cmty. Ass'n for Restoration of the Env''t*, 80
4  F. Supp. 3d at 1216 (citing *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994)).  As
5  such, the Court DEFERS this motion *in limine* until trial.

**IT IS SO ORDERED.**

Dated: February 17, 2017

_____
BETH LABSON FREEMAN
United States District Judge